**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CITENS INSURANCE COMPANY of AMERICA, a Michigan corporation; and HANOVER INSURANCE COMPANY, a New Hampshire corporation<br><br>Plaintiffs,<br><br>vs.<br><br>SUPERIOR KNIFE, LLC, a limited liability company; and FABIO GARFIAS, individually and on behalf of all others similarly situated,<br><br>Defendants. | Civil Action No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Citizens Insurance Company of America ("Citizens") and Hanover Insurance Company ("Hanover"), by and though their counsel of record, and for their Complaint against Defendants Superior Knife, LLC ("Superior") and Fabio Garfias, individually and on behalf of all others similarly situated ("Garfias"), state as follows:

## INTRODUCTION

1. This is an insurance coverage dispute between Citizens and Hanover, on the one hand, and Superior. Citizens issued Commercial Lines Policies to Superior that contain a General Liability Coverage Part and a Cyber Liability Coverage Part. Hanover issued Commercial Follow Form Excess and Umbrella Policies to Superior. In this action, Citizens and Hanover seek a declaration that they have no duty to defend or indemnify Superior under the Policies in connection with the underlying putative class action suit captioned, *Fabio Garfias v. Superior*, Case No. 21 CH 03660, filed in the Circuit Court of Cook County, Illinois.

1

## PARTIES, JURISDICTION AND VENUE

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

3. Plaintiff, Citizens, is a corporation organized under the laws of the State of Michigan, with its principal place of business in Worcester, Massachusetts.

4. Plaintiff, Hanover, is a corporation organized under the laws of the State of New Hampshire, with its principal place of business in Worcester, Massachusetts.

5. Defendant, Superior is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Elk Grove Village, Illinois.

6. Upon information and belief, Superior has two members, Robert Cozzini and Ivo Cozzini.

7. Upon information and belief, Robert Cozzini and Ivo Cozzini are both citizens of the State of Illinois.

8. Accordingly, Superior is a citizen of the State of Illinois.

9. Defendant, Garfias, is a citizen of the State of Illinois. Garfias is joined in this suit as a nominal party defendant.

10. The Garfias Lawsuit for which Superior seeks a defense and indemnity is a putative class action. The Citizens Policies have Limits of Liability of $1 million for Personal and Advertising Injury, $2 million in the General Aggregate, and a $50,000 Privacy and Security Liability Limit. The 2018 and 2019 Hanover Policies have Limits of Liability of $2 million Each Claim and $2 million in the Aggregate, and the 2020 Policy has Limits of Liability of $4 million Each Claim and $4 million in the Aggregate.

11. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiffs Citizens and Hanover, and Defendants Superior and Garfias, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Superior, substantially exceeds $75,000.

12. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

### A. The Policies

13. Citizens issued the following Commercial Lines Policies to Superior:

No. ZBC D713544 00, effective 10/1/2018 to 10/1/2019;

No. ZBC D713544 01, effective 10/1/2019 to 10/1/2020.

No. ZBC D713544 02, effective 10/1/2020 to 10/1/2021.

(collectively the "Citizens Policies"). A true and correct copy of the Citizens Policies are attached hereto as **Exhibits A-C**, respectively. The Citizens Policies have a $1 million Personal and Advertising Injury Limit and a $2 million General Aggregate Limit. The Citizens Policies also contain a Cyber Liability Coverage Part that has a $50,000 Limit, subject to a $5,000 deductible. The Cyber Liability Coverage Part has a 10/1/2018 Retroactive Date.

14. Hanover issued the following Commercial Follow Form Excess and Umbrella Policies to Superior:

No. UHC D713545 00, effective 10/1/2018 to 10/1/2019;

No. UHC D713545 01, effective 10/1/2019 to 10/1/2020;

No. UHC D713545 02, effective 10/1/2020 to 10/1/2021;

(the "Umbrella Policies"). True and correct copies of the Umbrella Policies are attached hereto as **Exhibits D-F** respectively. The 2018 and 2019 Umbrella Policies have a $2 million Each Claim Limit and $2 million in the Aggregate, and the 2020 Umbrella Policy has a $4 million Each Claim Limit and $4 million General Aggregate Limit.

### B. The Garfias Lawsuit

15. On July 27, 2021, Fabio Garfias, individually and on behalf of all other similarly situated, filed a putative class action in the Circuit Court of Cook County, Illinois against Superior Knife, LLC (the "Garfias Lawsuit"). A true and correct copy of the Complaint filed in the Garfias Lawsuit is attached hereto as **Exhibit G**.

16. The Complaint alleges that as an employee/worker of Defendant, Plaintiff was required to "clock in" and "clock out" of work shifts by having his fingerprint scanned by a biometric timeclock which identified each employee, including Plaintiff. Defendant allegedly then used Plaintiff's biometrics as an identification and authentication method to track his time, potentially with the help of a third-party vendor. According to the Complaint, notwithstanding the clear and unequivocal requirements of the law, Defendant disregards employees' statutorily protected privacy rights and unlawfully collects, stores, and uses employees' biometric data in violation of the Illinois Biometric Information Privacy Act ("BIPA").

17. The proposed class is described as:

> All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period.

18. All counts in the Complaint allege various violations of BIPA. Count I alleges violation of Section 14/15(a) of BIPA for failure to institute, maintain, and adhere to a publicly available retention schedule. Count II alleges violation of Section14/15(b) of BIPA for failure to

4

obtain informed written consent and release before obtaining biometric information. Count III alleges violation of Section 4/15(d) of BIPA for disclosure of biometric information before obtaining consent.

19. The Complaint seeks statutory damages for willful or negligent violations, injunctive relief, attorney's fees and costs, and pre and post-judgment interest.

20. Upon information and belief, Superior began utilizing a biometric time tracking system prior to 10/1/2018.

21. Superior has requested coverage from Citizens and Hanover for the Garfias Lawsuit. Citizens and Hanover contend that they have no obligation to defend or indemnify Superior against the Garfias Lawsuit. Accordingly, an actual controversy exists between Citizens and Hanover, on the one hand, and Superior, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

### COUNT I – DECLARATORY JUDGMENT

**(Cyber Liability Coverage – No Claim Made During 2018 and 2019 Policies)**

22. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 22, as though the same were fully set forth herein.

23. The Insuring Agreement in the Cyber Liability Coverage Part of the Citizens Policies provides:

> **SECTION I – INSURING AGREEMENTS**
> **A. Privacy and Security Liability**
> The "insurer" will pay on behalf of the "insured",
> "loss" which the "insured" is legally obligated to pay due
> to a "claim" first made against the "insured" during the "policy period",
> or Extended Reporting Period if applicable, and which arises
> out of a "Privacy Breach" or a "Security Breach" to which this insurance applies.

> **B. Cyber Media Liability**
> The "insurer" will pay on behalf of the "insured", "loss" which the "insured" is legally obligated to pay due to a **"claim"** first made against the "insured" during the "policy period", or Extended Reporting Period if applicable, and which arises out of a "Cyber Media Breach" to which this insurance applies.
> ***

24. The Citizens Policies define "claim", in relevant part, as:

   > **1.** A written demand received by an "insured" for monetary damages or non-monetary relief including injunctive relief;
   >
   > **2.** Any complaint or similar pleading initiating a judicial, civil, or administrative proceeding;
   > ***

25. The Garfias Lawsuit was filed against Superior on July 27, 2021.

26. The 2018 and 2019 Policies were expired and no longer in effect on July 27, 2021.

27. Accordingly, the Garfias Lawsuit is a "claim" that was first made against Superior on July 27, 2021, 2021, after the expiration of the 2018 and 2019 policy periods.

28. The Cyber Liability Coverage Part in the 2018 and 2019 Citizens Policies, therefore, does not actually or potentially provide coverage for the Garfias Lawsuit.

29. As a result, Citizens has no defense or indemnity obligation for the Garfias Lawsuit under the Cyber Liability Coverage Part of the 2018 and 2019 Policies.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

   A. That Citizens has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

B. That Hanover has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II – DECLARATORY JUDGMENT

### (Cyber Liability Coverage – Past Events Exclusion in 2020 Policy)

30. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 30, as though the same were fully set forth herein.

31. The Cyber Liability Coverage Part in the Citizens Policies contains the following exclusion:

> This insurance does not apply to any "Loss" or "claim":
>
> **B. Past Events**
>
> Based upon, arising out of or in any way related to any "Security Breach", "Privacy Breach", "Cyber Media Breach", investigation, proceeding, act, event, result, damage, transaction, decision, fact, circumstance or situation which occurred, in whole or in part, prior:
>
> **1.** To the applicable Retroactive Date set forth in **Item 4.** of the Cyber Declarations; or
>
> **2.** To the date an entity became a "subsidiary".

32. The Retroactive Date set forth in **Item 4**. of the Cyber Declarations is 10/1/2018.

33. Upon information and belief, Superior began utilizing a biometric time tracking system prior to 10/1/2018.

34. The proposed class in the Complaint is described as:

> All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period.

35. As a result, the Garfias Lawsuit is a "claim" based upon, arising out of or in any way related to any "Privacy Breach", investigation, proceeding, act, event, result, damage, transaction, decision, fact, circumstance or situation which occurred, in whole or in part, prior to the 10/1/2018 Retroactive Date.

36. Citizens' defense and indemnity obligations for the Garfias Lawsuit, therefore, are precluded under the Cyber Liability Coverage Part of the 2020 Policy pursuant to the Past Events Exclusion.

37. Accordingly, the Cyber Liability Coverage Part in the 2020 Policy does not actually or potentially provide coverage for the Garfias Lawsuit.

38. Citizens, therefore, has no defense or indemnity obligation for the Garfias Lawsuit under the Cyber Liability Coverage Part of the 2020 Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

B. That Hanover has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III – DECLARATORY JUDGMENT

**(General Liability Coverage – Employment Practices Liability Exclusion in Citizens Policies)**

39. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 39, as though the same were fully set forth herein.

40. The Citizens Policies contain an Employment Practices Liability Exclusion Endorsement, which states:

> **B.** The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> **(1)** A person arising out of any:
> **(a)** Refusal to employ that person;
> **(b)** Termination of that person's employment; or
> **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> ***
>
> This exclusion applies:
> **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
>
> **(2)** Whether the insured may be liable as an employer or in any other capacity; and
>
> **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

41. The Garfias Complaint is brought by workers or employees of Superior and alleges that Superior violated its workers' privacy by requiring them to provide their biometric information for timekeeping purposes in violation of BIPA.

42. As a result, any "personal and advertising injury" arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution, and coverage is precluded under the General Liability Coverage Part of the Citizens Policies by reason of the Employment Practices Liability Exclusion.

43. The General Liability Coverage Part of the Policies do not actually or potentially provide coverage for the Garfias Lawsuit.

44. Accordingly, Citizens has no duty to defend and indemnify Superior for the Garfias Lawsuit under the General Liability Coverage Part of the Citizens Policies.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

B. That Hanover has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IV– DECLARATORY JUDGMENT

**(General Liability Coverage – Recording and Distribution Exclusion in Citizens Policies)**

45. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 48, as though the same were fully set forth herein.

46. The Citizens Policies contain a the following Exclusion:

This insurance does not apply to:

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and

> any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
>
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

47. The Garfias Complaint alleges that Superior violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

48. Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

49. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Garfias Lawsuit under the General Liability Coverage Part of the Policies.

50. The General Liability Coverage Part of the Citizens Policies does not actually or potentially provide coverage for the Garfias Lawsuit.

51. As a result, Citizens has no duty to defend or indemnify Superior against the Garfias Lawsuit.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

B. That Hanover has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V – DECLARATORY JUDGMENT

**(General Liability Coverage – Access or Disclosure Exclusion in Citizens Policies)**

52. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 52, as though the same were fully set forth herein.

53. The Citizens Policies contain an Endorsement titled, "Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – With Limited Bodily Injury Exception, which provides, in relevant part:

> **B.** The following is added to Paragraph **2.**
> **Exclusions** of **Section I – Coverage B –**
> **Personal And Advertising Injury Liability:**
>
> **2. Exclusions**
> This insurance does not apply to:
> **Access Or Disclosure Of Confidential Or Personal Information**
> "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or

12

organization's confidential or personal information.

54. The Garfias First Amended Complaint alleges Superior collected its workers' biometric information, *i.e.,* fingerprints, in violation of BIPA.

55. Therefore, any "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal, non-public information and coverage for the Garfias Lawsuit is precluded under the General Liability Coverage Part of the Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

56. The General Liability Coverage Part of the Citizens Policies do not actually or potentially provide coverage for the Garfias Lawsuit.

57. Accordingly, Citizens has no duty to defend or indemnify Superior for the Garfias Lawsuit under the General Liability Coverage Part of the Citizens Policy.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

B. That Hanover has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## **COUNT VI – DECLARATORY JUDGMENT**
### **(Umbrella Policies – Excess Coverage)**

58. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 58, as though the same were fully set forth herein.

59. The Excess Insuring Agreement in the Umbrella Policies provides, in pertinent part:

**I. INSURING AGREEMENTS**
**1. Coverage A – Follow Form Excess Liability Insuring Agreement**
**a.** We will pay on behalf of the insured those sums in excess of the "underlying insurance" which the insured becomes legally obligated to pay as damages, provided:

> **(1)** Such damages are covered by "underlying insurance";
> \*\*\*

60. "Underlying insurance" is defined in the Umbrella Policies as "the liability insurance coverage provided under policies shown in the Schedule of Underlying Insurance for the limits and policy periods indicated."

61. The Cyber Liability Coverage Part of the Citizens Policies and its Limit of Liability are not listed in the Schedule of Underlying Insurance, and therefore, it does not fall within the definition of "Underlying Insurance".

62. The General Liability Coverage Part of the Citizens Policies is "Underlying Insurance". The Excess Coverage Part of the Umbrella Policies follow form to the Citizens Policies.

63. Because the General Liability Coverage Part in the Citizens Policy does not provide coverage for the Garfias Lawsuit for the reasons set forth herein in Counts III – V, the Excess Coverage Part of the Umbrella Policies does not provide coverage for the Garfias Lawsuit.

64. The Excess Coverage Part of the Umbrella Policies do not actually or potentially provide coverage for the Garfias Lawsuit.

65. Hanover, therefore, has no duty to defend or indemnify Superior for the Garfias Lawsuit under the Excess Coverage Part of the Umbrella Policies.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

B. That Hanover has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VII– DECLARATORY JUDGMENT

### (Umbrella Policies –Access or Disclosure Exclusion)

66. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 66, as though the same were fully set forth herein.

67. The Umbrella Policies contain the following Exclusion:

This insurance does not apply to:

**a. Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability**
Any liability or expense arising out of:
**(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
\*\*\*

68. The Garfias Complaint alleges Superior collected its workers' biometric information, *i.e.*, fingerprints, in violation of BIPA.

15

69. Therefore, any liability arises out of access to or disclosure of any person's confidential or personal information and coverage for the Garfias Lawsuit is precluded under the Umbrella Coverage Part of the Umbrella Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

70. The Umbrella Liability Coverage Part of the Umbrella Policies does not actually or potentially provide coverage for the Garfias Lawsuit.

71. Accordingly, Hanover has no duty to defend or indemnify Superior for the Garfias Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policies.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

B. That Hanover has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

**COUNT VIII – DECLARATORY JUDGMENT**

**(Umbrella Policies – Employment Related Practices Exclusion)**

72. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 72, as though the same were fully set forth herein.

73. The Umbrella Policies contain the following Exclusion:

> **d. Employment Related Practices**
> Any claim by or on behalf of:
> **(1)** A person arising out of any:
>     **(a)** Refusal to employ that person;
>     **(b)** Termination of that person's employment; or

16

> **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> ***

74. The Garfias Complaint is brought by employees or workers of Superior and alleges that Superior violated its workers' privacy by requiring them to provide their biometric information for timekeeping purposes in violation of BIPA.

75. As a result, the Garfias Lawsuit is a claim by or on behalf of a person arising out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person and coverage is precluded under Umbrella Liability Coverage Part of the Umbrella Policies by reason of the Employment Practices Liability Exclusion.

76. The Umbrella Liability Coverage Part of the Umbrella Policies do not actually or potentially provide coverage for the Garfias Lawsuit.

77. Accordingly, Hanover has no duty to defend and indemnify Superior for the Garfias Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policies.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

B. That Hanover has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IX – DECLARATORY JUDGMENT

### (Umbrella Policies– Recording and Distribution Exclusion)

78. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 21 as and for Paragraph 78, as though the same were fully set forth herein.

79. The Umbrella Policies contain the following exclusion:

This insurance does not apply to:

**h. Recording and Distribution of Material in Violation of Law**
Any liability or expense arising out of any action or omission that violates or is alleged to violate:

> **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or
> **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or
> **(3)** The Fair Credit Reporting Act (FCRA) and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA); or
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

80. The Garfias Complaint alleges that Superior violated BIPA, a state statute that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

18

81. Thus, any liability in the Garfias Lawsuit arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

82. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Garfias Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policies.

83. The Umbrella Liability Coverage Part of the Umbrella Policies does not actually or potentially provide coverage for the Garfias Lawsuit.

84. As a result, Hanover has no duty to defend or indemnify Superior against the Garfias Lawsuit.

WHEREFORE, Citizens and Hanover respectfully requests that this Honorable Court declare as follows:

A. That Citizens has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

B. That Hanover has no duty to defend or indemnify Superior in connection with the Garfias Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Citizens Insurance Company of America and Hanover Insurance Company

By: /s/ Kelly M. Ognibene
    One of its Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com